IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL S. FRANCIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 15-673 |
| | ) |
| **FIRSTENERGY CORP,** *as owner of dissolved subsidiaries,* **MID-ATLANTIC ENERGY DEVELOPMENT COMPANY** and **FE AEQUISITION CORP,** **FIRSTENERGY GENERATION, LLC,** *formerly known as* FIRSTENERGY GENERATION CORP. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**CONTI, Chief District Judge**

In this case plaintiff, Michael Francis ("Francis"), seeks to recover monies owed to him pursuant to a November 18, 1999 Stock Purchase Agreement (the "Agreement") for the residual value (the "Residual Value Payment") of certain power plant equipment (the "Project Equipment"). (ECF No. 1; ECF No. 1-2 (Agreement).) The court issued a memorandum opinion and order on August 13, 2015 granting the motion to compel arbitration filed by FirstEnergy Corporation ("FirstEnergy"), and administratively closing this case pending resolution of arbitration. (ECF Nos. 31-32.)

Francis filed a motion for reconsideration five days later. (ECF No. 33.) In the motion, Francis asks this court to "vacate the Order of August 13, 2015, and enter an order denying the Defendant's Motion to Compel Arbitration" because "the court did not consider the dire consequences of compelling arbitration in these circumstances." (ECF Nos. 33 at 1; 34 at 2.)

FirstEnergy promptly filed a response in opposition to Francis' motion for reconsideration. (ECF No. 35.)

For the reasons set forth below, the motion will be denied.

I.  **LEGAL AUTHORITY**

A motion to reconsider should granted only if the movant demonstrates: 1) an intervening change in controlling law; 2) the availability of new evidence not previously available; or 3) the need to correct a clear error of law or prevent manifest injustice. FED. R. CIV. P. 59(e); Allah v. Ricci, 532 F.App'x 48, 51 (3d Cir. 2013) (citing Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). By reason of the interest in finality, at least at the district court level, motions for reconsideration should be sparingly granted. Rottmund v. Cont'l Assurance Co., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992). In order to be successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003).

A motion for reconsideration is not to be used to relitigate, or "rehash," issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998); Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995); Keyes v. Nat'l R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991). A motion for reconsideration is not to be used as a way to advance additional arguments that the litigant could have made, but chose not to make, sooner, or as an opportunity for a litigant, having lost,

to change theories of the case and advance new, often contradictory, evidence in support. Bell v. City of Phila., 275 F. App'x 157, 160 (3d Cir. 2008); Spence v. City of Phila., 147 F.App'x 289, 291-92 (3d Cir. 2005); Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); Trenton v. Scott Paper Co., 832 F.2d 806, 810 (3d Cir. 1987); Miller v. Court of Common Pleas of Erie Cnty., No. 12-206, 2014 WL 108585, at *2 (W.D. Pa. Jan. 10, 2014). A motion for reconsideration is not designed to provide litigants with a "second bite at the apple." Boone v. Daughtery, No. 12-1333, 2013 WL 5836329, at *1 (W.D. Pa. Oct. 30, 2013) (citing Bhatnagar, 52 F.3d at 1231.)

## II. ANALYSIS

Francis argues that this court must vacate its order compelling arbitration in order to prevent a manifest injustice. (ECF No. 34 at 1.) Francis explains that the appraisal process set forth in the Agreement has become impossible, meaningless, and expensive because FirstEnergy destroyed valuation documents relating to the Project Equipment, and he should, therefore, be excused from the obligations set forth in the Agreement's Arbitration Clause. (Id. at 2-3.) Francis theorizes in the brief supporting his motion for reconsideration that FirstEnergy will abuse the appraisal process, will make certain arguments to the arbitrator and will persuade the arbitrator of certain facts, which will result in "Mr. Francis [being] forever 'at sea' and permanently denied in his quest for the compensation." (Id. at 3.) According to Francis, because the court did not consider these circumstances when it granted FirstEnergy's motion to compel arbitration, FirstEnergy has been "reward[ed]… for ensnaring Mr. Francis and for springing their trap." (Id. at 3.)

As FirstEnergy points out, Francis' motion for reconsideration identifies no facts, law, or arguments not previously considered by the court. (ECF No. 35 at 2-3.) Francis' assertions about what FirstEnergy may do during the appraisal process or arbitration are speculative and hypothetical. Putting that defect aside, those arguments do not render the Agreement, or its Arbitration Clause, unenforceable or make this dispute not arbitrable. This court already concluded that the Agreement contains a valid Arbitration Clause, and that the present dispute falls within its scope, and therefore, must be arbitrated. Francis' reiteration that the court should conclude otherwise because FirstEnergy destroyed valuation documents is not a valid basis for reconsideration. Francis' motion does no more than attempt to relitigate issues this court already decided, and to ask this court to rethink a decision that was already made. Williams, 32 F.Supp.2d at 238; Reich, 834 F.Supp. at 755; Keyes, 766 F.Supp. at 280. For that reason alone, the motion must be denied.

The Agreement includes detailed provisions about how the Project Equipment will be valued for purposes of determining Francis' Residual Value Payment. Under the appraisal process, Francis is permitted to select one appraiser, FirstEnergy is permitted to select one appraiser, and those two appraisers, or the American Arbitration Association if there is not agreement, will select a third appraiser. (ECF No. 1-2 at 4.) Francis fails to explain how this appraisal process has become impossible, meaningless, or expensive because FirstEnergy allegedly destroyed valuation documents. In this regard, FirstEnergy notes in its opposition that Francis' complaint in this matter includes an itemized list of the Project Equipment, which was originally owned by Francis. (ECF No. 35 at 3 & n.2.) Francis agreed to arbitrate disputes arising out of or relating to the Agreement, and agreed to the appraisal process set forth therein. The present dispute falls squarely within the terms of the Arbitration Clause. Francis'

dissatisfaction or frustration with the provisions of a contract that he voluntarily entered into has no effect on the enforceability of the Agreement's Arbitration Clause. The arguments and objections raised by Francis in this matter must be presented to the appraisers and to the arbitrator, not to this court.

### III. CONCLUSION

Francis fails to identify any change in controlling law, new evidence, clear error of law, or manifest injustice that would warrant reconsideration of this court's previous decision to compel arbitration of this dispute. Francis is not entitled to relief on his motion, and it will be denied.

A separate order will be entered contemporaneously with this opinion.

Date: August 21, 2015

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge