# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL S. FRANCIS,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **FIRSTENERGY CORP,** *as owner of* ) <br> *dissolved subsidiaries,* MID-ATLANTIC ) <br> ENERGY DEVELOPMENT COMPANY *and* ) <br> FE AEQUISITION CORP, ) <br> **FIRSTENERGY GENERATION, LLC,** ) <br> *formerly known as* FIRSTENERGY ) <br> GENERATION CORP. ) <br> ) <br> Defendants. ) | Civil Action No. 15-673 |

## SUPPLEMENT TO AUGUST 21, 2015 MEMORANDUM OPINION (ECF No. 36)

**CONTI, Chief U.S. District Judge**

This case was administratively closed on August 13, 2015, after this court granted defendant FirstEnergy Corporation's ("FirstEnergy") motion to compel arbitration. (ECF No. 32.) Dissatisfied with that result, plaintiff Michael Francis ("Francis") filed a motion for reconsideration, which this court denied on August 21, 2015. (ECF Nos. 36-37.) On August 27, 2015, this court received a hand-delivered letter from Francis' counsel asking this court to "correct a misstatement of critical fact that was incorporated in the Court's memorandum opinion (Document #36)." Several hours later, FirstEnergy's counsel hand-delivered a responsive letter to the court.

As an initial matter, the parties are presumed to be aware that relief is properly sought from this court only by way of motion. In this instance, however, because the issue is isolated, and because no benefit is served by prolonging and expending further judicial resources on this case, the court will address the matter raised by Francis' counsel in his letter to the court.

In the letter, Francis objects to the following passage from this court's August 21, 2015 memorandum opinion (ECF No. 36 at 4):

> Francis fails to explain how this appraisal process has become impossible, meaningless, or expensive because FirstEnergy allegedly destroyed valuation documents. In this regard, FirstEnergy notes in its opposition that Francis' complaint in this matter includes an itemized list of the Project Equipment, which was originally owned by Francis. (ECF No. 35 at 3 & n.2.)

The document referred to at the end of this passage, i.e., ECF No. 35, is FirstEnergy's response in opposition to Francis' motion for reconsideration. According to Francis, the court's opinion is "based on" and "incorporates" FirstEnergy's erroneous factual statement that Francis originally owned the Project Equipment. Francis' letter states:

> Mr. Francis never owned the Project Equipment. If he had, it would then have been incumbent upon Mr. Francis to maintain records of the equipment and the Defendants' destruction of the Project Equipment records could very well have been irrelevant. Rather, it has been, and will continue to be, Mr. Francis' central argument that it was Defendants' duty to maintain these records for precisely this reason. That is the "point" of Mr. Francis' lawsuit in this Court.

In response to Francis' letter, FirstEnergy explains that Francis owned all the issued and outstanding shares of common stock of the corporation that owned the Project Equipment, and it is that stock that FirstEnergy's affiliate purchased from Francis. FirstEnergy writes that "to state…that [Francis] 'never owned the Project Equipment' may be *technically*

2

correct, but to omit any mention of the fact that plaintiff was the sole owner of the entity which did own the equipment is, at best, less than the whole story."

Both parties misconstrue the court's memorandum opinion. The opinion explicitly attributes the assertion that Francis originally owned the Project Equipment to FirstEnergy. FirstEnergy's assertion follows, and is juxtaposed against, the court's statement that "Francis fails to explain how this appraisal process has become impossible, meaningless, or expensive because FirstEnergy allegedly destroyed valuation documents." (ECF No. 36 at 4.) In other words, whereas Francis provided no specific reason why the appraisal process could not proceed without valuation documents, FirstEnergy asserted that appraisal could proceed because Francis, as the prior owner, would possess documentation about the Project Equipment.

This court repeated FirstEnergy's assertion in order to note the distinction between the parties' positions. The court made no factual finding about who owned the Project Equipment. The court's ultimate ruling that this matter must be arbitrated was not based, in any way, upon who owned the Project Equipment. To the extent that the opinion created any genuine confusion, the court hereby clarifies that no determination was made with respect to ownership of the Project Equipment in this case.

Date: August 27, 2015

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge